**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CRYSTAL F. TUCKER**                                                                       **PLAINTIFF**

**v.**                                                              Cause No.: 3:21−cv−00446-CWR-FKB

**MADISON HMA, LLC d/b/a
MERIT HEALTH RIVER OAKS
HOSPITAL, SABRINA BRYANT,
and DR. CARMEN ALEXANDER**                                                       **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Crystal F. Tucker (hereinafter "Plaintiff"), by counsel, and files this, her *Complaint* for damages against Defendants Madison HMA, LLC d/b/a Merit Health River Oaks Hospital, Sabrina Bryant, and Dr. Carmen Alexander (hereinafter "Defendant Madison HMA," "Defendant HR Director Bryant," "Defendant Dr. Alexander," or collectively "Defendants") and for cause would show unto the Court the following:

**PARTIES**

1. Plaintiff is an adult resident citizen of Hinds County, Mississippi, residing at 35 Village Green Circle, Jackson, MS 39211.

2. Defendant Madison HMA is a domestic corporation, qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, CSC of Rankin County, Inc., at Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232.

3. Defendant HR Director Bryant is an adult resident citizen of the State of Mississippi, and she may be served with process at 161 River Oaks Drive, Canton, MS 39046. At

all relevant times herein, Sabrina Bryant was the Human Resources Director at Madison HMA, LLC d/b/a Merit Health River Oaks.

4. Defendant Dr. Alexander is an adult resident citizen of the State of Mississippi, and she may be served with process at 161 River Oaks Drive, Canton, MS 39046. At all relevant times, Dr. Carmen Alexander was the Director of Medical & Surgical Services at Madison HMA, LLC d/b/a Merit Health River Oaks.

## JURISDICTION and VENUE

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1981 and includes any and all state law claims pled herein for which jurisdiction and venue attach.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

7. At all times material hereto, Defendants HR Director Bryant and Dr. Alexander were employees of Madison HMA, LLC, acting within the scope of their employment.

8. On or about February 16, 2016, Plaintiff Crystal, an African-American female, was hired as a Registered Nurse within Defendant Madison HMA, LLC. Since the commencement of her employment, Plaintiff has noticed discrepancies regarding the medical treatment of the patients and the acts and/or omissions of the nurses and physicians.

9. On September 7, 2019 and September 17, 2019, Plaintiff made complaints and/or reports to Madison HMA, LLC's administrative department, concerning the

unprofessional, disruptive, threatening and abusive behavior of Dr. Taylor Pruette, a female Caucasian physician associated with Defendant Madison HMA.

10. Similarly situated white nurses from the intensive care unit and the emergency department also reported incidences of the same behavior towards them by Dr. Pruette with the same time frame. Dr. Pruette received no disciplinary actions.

11. On November 1, 2019, Plaintiff was suspended from her position with Defendant Madison HMA by Defendant HR Director Bryant and Dr. Alexander. The explanation for Plaintiff's wrongful suspension was attributed to an allegation that on Monday, October 27, 2019, in the role of staff nurse on the medical-surgical unit that Ms. Tucker poisoned or attempted to poison the patient who was admitted to room 210 from Friday October 25, 2019 until October 29, 2019. Further, Defendants Bryant and Alexander indicated that Ms. Tucker was solely responsible for the mood, state of mind, perceptions and management or control of the behavior of the patient who was admitted to room 214 from Sunday, October 27, 2019 until October 31, 2019.

12. Plaintiff was denied an audience and fair hearing before hospital administration and the board of directors to defend and refute the allegations against her. Plaintiff was denied this right despite the previous agreement between Plaintiff, HR Director Bryant, and Dr. Alexander, that Plaintiff was permitted four days to respond to the allegations in writing.

13. On November 5, 2019, Plaintiff submitted correspondence to Defendant HR Director Bryant, CEO Brit Phelps, Chief Nursing Officer Tim Lolly, and Rick/Quality Assurance Athena Chapin wherein Plaintiff specifically stated that she did not poison or attempt to poison any patient (including the patient in room 210). Additionally,

Plaintiff specifically stated that she was not responsible for the mood, state of mind, perceptions or able to control the behavior of the patient admitted to room 214.

14. On February 29, 2020, Plaintiff Crystal filed her initial EEOC charge of race discrimination as well as retaliation.

15. On a number of occasions, Plaintiff has reached out to human resource personnel concerning her return to work status. To date, Defendants have not called Ms. Tucker to return to work and continue to advertise her position as vacant.

16. Plaintiff's suspension and/or presumed termination was in retaliation for her filing the complaints with the HR department on September 7, 2019 and September 17, 2019 and the EEOC charge filed on February 29, 2020. It had absolutely nothing to do with her work performance.

17. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because she engaged in the protected activity of voicing and filing a discrimination complaint with the Equal Employment Opportunity Commission. As a result of filing discrimination charges against Defendants, Plaintiff's employment was suspended and/or terminated.

**ADMINISTRATIVE PROCEDURE**

18. On or about February 29, 2020, Plaintiff filed her charge of discrimination, satisfying the requirements of 42 U.S.C. §2000(e) with the EEOC in Jackson, Mississippi. Such charge was filed within one hundred eighty (180) days after the last unlawful employment practice occurred.

19. The EEOC conducted an investigation on the claims. On May 14, 2021, the EEOC issued a determination. According to the determination, "the EEOC will not proceed

further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge."

20. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

## CAUSE OF ACTION

### COUNT I
### TITLE VII – RACE DISCRIMINATION

21. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

22. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff Crystal because of her race in violation of Title VII of the Civil Rights Act of 1964.

23. The acts and violations of Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. §2000e-3.

24. As a direct and proximate result of Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander's unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

25. Defendants discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

26. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff Crystal.

## COUNT II
## TITLE VII – RETALIATION

27. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

28. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964. Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander, retaliated against Plaintiff after she made reports of discrimination to the Human Resources Department and EEOC. Plaintiff was retaliated against by unjustly subjecting her to unjust scrutiny, exclusions, suspension and/or termination.

29. Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander have no legitimate reason for any such acts.

30. Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander's actions demonstrate a direct and causal connection between Plaintiff invoking her constitutional rights and the resulting suspension/termination by Defendants.

31. Such unlawful practices violate 42 U.S.C. §2000e-3.

## COUNT III
## 42 U.S.C. §1981 – INTENTIONAL RACE DISCRIMINATION

32. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

33. Plaintiff has been consistently subjected to actions creating a hostile environment for Plaintiff Crystal because of her race in violation of 42 U.S.C. §1981, violating 42 U.S.C. §1981.

34. As a direct and proximate result of Defendants intentional or reckless discriminatory conduct toward Plaintiff Crystal, she has lost wages and benefits and has sustained other pecuniary loss.

35. Defendants Madison HMA, LLC, HR Director Bryant, and Dr. Alexander intentional or reckless discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

36. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights to Plaintiff.

## COUNT IV
## 42 U.S.C. §1981 – RETALIATORY DISCHARGE

37. Section 1981 prohibits retaliation as well as race discrimination, and methods for proving a Title VII retaliation claim are applicable to a retaliation claim under §1981 as well.

38. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

39. Plaintiff engaged in activity protected under §1981. Defendants Madison HMA, LLC, HR Director Bryant, Dr. Alexander, agents and employees of Madison HMA, LLC, retaliated against Plaintiff after she made reports of intentional discrimination Human Resource Department and to the EEOC. Plaintiff was retaliated against by unjustly subjecting her to unjust scrutiny, exclusions, suspension and/or termination with no legitimate reason for any of the aforementioned acts.

40. Defendants' actions demonstrate a direct and causal connection between Plaintiff invoking her constitutional rights and the resulting suspension/termination by her Madison HMA, LLC, HR Director Bryant, and Dr. Alexander.

## DAMAGES

41. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

42. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

43. Plaintiff requests that the Court issues the following relief:

    a. Enter declaratory relief declaring that Defendants have engaged in race discrimination, retaliation, and constitutional violations under 42 U.S.C. §1981; Defendants have engaged in race discrimination, retaliation, and constitutional violations under Title VII;

    b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers;

    c. Award Plaintiff attorney's fees, costs, and expenses of litigation; and

    d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 7th day of July, 2021.

                                                 **CRYSTAL F. TUCKER, Plaintiff**

                         **By:**    */s/ Carlose E. Moore*
                                        **Carlos E. Moore, MSB# 100685**
                                        **Jasmine Bogard, MSB# 105908**

OF COUNSEL:

**THE COCHRAN FIRM – MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com
        jbogard@cochranfirm.com